**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4207-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CYNTHIA MYERS,

     Defendant-Appellant.

_____

Submitted November 1, 2018 – Decided March 19, 2019

Before Judges Whipple and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 09-12-3011.

Cynthia Myers, appellant pro se.

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Cynthia Myers appeals from the February 26, 2016 order of the Law Division denying her second petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

I.

On October 8, 2009, Myers and a co-defendant devised a plan to rob John Quann, Jr.  They lured Quann from his home with the promise of sex and drove with him to Camden County, where in the early morning hours of October 9, 2009, the two repeatedly struck him in the head and face with a hammer, and strangled him with a scarf.  After driving the injured Quann to a remote area of Atlantic County, Myers and her co-defendant bound his hands behind his back, and tied a shoelace around his neck to strangle him.  The two stole Quann's wallet and car, and fled, leaving their victim to die alone in the woods.  Five days later, a hunter discovered Quann's lifeless body.  After being apprehended with Quann's car, Myers and her co-defendant confessed to his murder.

An Atlantic County grand jury charged Myers with: first degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); first degree kidnapping, N.J.S.A. 2C:13-1(b); first degree robbery, N.J.S.A. 2C:15-1; first degree felony murder while attempting to commit robbery, N.J.S.A. 2C:11-3(a)(3); first degree felony murder while attempting to commit kidnapping, N.J.S.A. 2C:11-3(a)(3); first

degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a)(1) and (2); second degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; second degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:12-1(b); second degree aggravated assault, N.J.S.A. 2C:12-1(b); third degree assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); and third degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4.

On January 27, 2010, pursuant to a negotiated agreement, defendant entered a plea of guilty to first degree felony murder while attempting to commit robbery, and second degree conspiracy to commit robbery. In accordance with the plea agreement, the State dismissed the remaining charges and recommended a thirty-eight-year term of imprisonment for felony murder, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a concurrent seven-year term for conspiracy to commit robbery.

At the plea hearing, defendant stated that she was satisfied with the agreement and with the representation provided by her counsel. She admitted on the record to participating in the robbery and murder of Quann. During the

hearing, the court and counsel referred to the agreed upon period of parole ineligibility as thirty-two years and three months.

At the subsequent sentencing hearing, defendant interrupted her attorney while he was addressing the court and announced she wanted to withdraw her plea. Although defendant had previously submitted a letter to the court stating that she wished to withdraw her plea, she had not provided a copy of the letter to her counsel. Defendant's attorney informed the court that he was unaware of her intention to seek withdrawal of her plea. The court granted counsel's request to permit defendant to argue a motion to withdraw her plea on her own behalf. Defendant argued that the factual basis for her plea did not support a conviction for felony murder, but even if it did, the factual basis satisfied the elements for an affirmative defense to the crime. The court denied the motion and sentenced defendant in accordance with the plea agreement, imposing an aggregate thirty-eight-year sentence with an eighty-five-percent period of parole ineligibility, along with fines, penalties, and restitution.

Defendant appealed her sentence and the denial of her motion to withdraw her plea. We affirmed defendant's sentence, State v. Myers, No. A-1539-10 (App. Div. June 29, 2011), and the denial of her motion, State v. Myers, No. A-

01539-10 (App. Div. Aug. 2, 2011). The Supreme Court denied defendant's petition for certification. State v. Myers, 209 N.J. 430 (2012).

On March 21, 2012, defendant filed her first petition for PCR. She argued that she was denied effective assistance of counsel at trial because her attorney: (1) did not advocate on her behalf on her motion to withdraw her guilty plea; (2) had a conflict of interest arising from an ethics complaint defendant filed against him; (3) failed to file a motion to suppress her statements to police; (4) failed to request a restitution hearing to determine her ability to pay; and (5) failed to contact several alibi witnesses. The trial court denied defendant's first PCR petition without an evidentiary hearing. We affirmed. State v. Myers, No. A-4391-12 (App. Div. Jan. 6, 2015). The Supreme Court denied defendant's petition for certification. State v. Myers, 221 N.J. 492 (2015).

On June 7, 2015, defendant filed her second petition for PCR. She alleged that she was denied effective assistance of counsel on her first PCR petition because her counsel failed to argue that: (1) she had to argue her motion to withdraw her guilty plea on her own behalf; and (2) her trial counsel misinformed her as to the length of the parole ineligibility period to be recommended by the State in exchange for her guilty plea by advising her that the period was nineteen days shorter than it actually is.

A-4207-16T3

It appears that at the time of the plea agreement and sentencing, the parties and the court calculated the agreed upon parole ineligibility period based on the number of months in a thirty-eight-year sentence, but misinterpreted the result of their calculation (38 years x 12 months = 456 months x .85 = 387.6 months ÷ 12 months = 32.3 years). The parties and court appeared to be under the impression that 32.3 years equates to thirty-two years and three months. However, 32.3 years equals thirty-two years and 3.6 months because .3 years is 3.6 months, not three months (12 months x .3 = 3.6 months). Six-tenths of a month is nineteen days (31 days x .6 = 18.6 days). The correct period of parole ineligibility imposed is thirty-two years, three months, and nineteen days.

On February 26, 2016, Judge Bernard E. DeLury, Jr., who presided at defendant's plea and sentencing hearings, and decided her first PCR petition, issued a comprehensive written opinion denying her second PCR petition without an evidentiary hearing. Judge DeLury concluded that defendant's argument that her trial counsel abandoned her when she sought to withdraw her guilty plea had been considered and rejected on her direct appeal and in her first PCR petition. As a result, the judge held that defendant is barred from raising the argument for a third time by Rule 3:22-5.

A-4207-16T3

The court also concluded that defendant had not established a prima facie case of ineffective assistance of counsel with respect to the advice she received about the length of the parole ineligibility period. The court found that even if defendant's first PCR counsel had raised the argument, defendant was unlikely to have been afforded relief. Noting that defendant was facing likely conviction and life imprisonment without the possibility of parole, the court concluded that "there is no rational possibility that [defendant] would have rejected the plea offer and proceeded to trial on account of an extra nineteen days imprisonment." Thus, the court held, even though defendant's counsel advised her that the parole ineligibility period was nineteen days shorter than it actually is, had the correct advice been given, the outcome would not have changed. The court also found that defendant repeatedly acknowledged in writing that she would serve eighty-five percent of her sentence before being eligible for parole. In light of these conclusions, the court found that an evidentiary hearing was not warranted. On February 26, 2016, the judge entered an order denying defendant's second PCR petition.

This appeal followed. On appeal, defendant raises the following arguments for our consideration:

A-4207-16T3

POINT I

PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL AND DUE PROCESS OF LAW WERE VIOLATED WHEN COUNSEL FAILED TO RAISE THE ISSUE THAT TRIAL COUNSEL MISINFORMED PETITIONER AS TO THE PERIOD OF INCARCERATION SHE WOULD FACE AND DID NOT CORRECT THE COURT'S ERROR AND THE STATE'S ERROR IN MISINFORMING HER OF THE INCARCERATION CONSEQUENCES OF THE PLEA AND THEREFORE SHE COULD NOT HAVE MADE A VOLUNTARY AND KNOWING PLEA, AND FURTHER FAILED TO RAISE INEFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL FOR NOT RAISING THE INCARCERATION CONSEQUENCES ISSUE. (U.S. CONST. AMEND. V, VI & XIV)

POINT II

THE DEFENDANT WAS DENIED HER RIGHT TO THE EFFECTIVE ASSISTANCE OF FIRST POST APPELLATE COUNSEL [SIC], THEREBY DEPRIVING HER OF DUE PROCESS OF LAW AND A FAIR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 10, OF THE NEW JERSEY CONSTITUTION DUE TO THE FAILURE ON THE PART OF FIRST POST APPELLATE COUNSEL [SIC] TO RAISE OBVIOUS ISSUES OF TRIAL ERROR.

POINT III

PETITIONER HAS PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL AND SHOULD HAVE RECEIVED AN EVIDENTIARY HEARING.

In her reply brief, defendant argues:

THE STATE'S SPURIOUS RESPONSE IS DEVOID OF MERIT AND APPELLANT'S PLEA SHOULD BE VACATED AND A NEW TRIAL GRANTED.

II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 686, and adopted by our Supreme Court in Fritz, 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

9

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. The defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012). To set aside a guilty plea based on ineffective assistance of counsel, the "defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and, (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

A defendant is entitled to an evidentiary hearing on a PCR petition if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the

claims presented.  R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

Finally, Rule 3:22-5 provides that

[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

The Supreme Court has held that

[p]reclusion of consideration of an argument presented in post-conviction relief proceedings should be effected only if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.

[State v. Marshall, 148 N.J. 89, 150 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979)).]

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the February 26, 2016 order for the reasons stated by Judge DeLury in his thorough and well-reasoned written opinion.  We add only the following comments.

We note that the nineteen days at issue here concern defendant's period of parole ineligibility, not her term of incarceration.  There is, of course, no guarantee that defendant will be released on parole when she first becomes

11

eligible. Defendant, therefore, mischaracterizes the parole ineligibility period as the "maximum sentence" she would have agreed to in a plea agreement. In fact, the maximum sentence defendant agreed to is thirty-eight years, which is precisely the sentence she received.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4207-16T3